ACCEPTED
03-15-00262-CV
7943947
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/23/2015 11:14:11 AM
JEFFREY D. KYLE
CLERK

Honorable Jeffrey D. Kyle
Clerk, Third Court of Appeals
209 W 14th Street, Room 101
Austin, TX 78701

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

11/23/2015 11:14:11 AM

JEFFREY D. KYLE
Clerk

*Re: Texas Association of Acupuncture and Oriental Medicine v. Texas Board of Chiropractic Examiners and Yvette Yarborough, Executive Director in Her Official Capacity, No. 3-15-00262-CV*

To the Honorable Members of the Third Court of Appeals:

Please accept this amicus curiae letter on behalf of the Accreditation Commission for Acupuncture and Oriental Medicine (ACAOM) in the above-referenced matter. ACAOM is the national accrediting agency recognized by the U.S. Department of Education for the accreditation and pre-accreditation ("Candidacy") throughout the United States of first professional master's degree and professional master's level certificate and diploma programs in acupuncture and Oriental medicine, and professional post-graduate doctoral programs in acupuncture and in Oriental medicine (DAOM), as well as freestanding institutions and colleges of acupuncture and Oriental medicine that offer such programs. ACAOM provides both institutional and programmatic accreditation.[1] It is the opinion of ACAOM that the Texas Board of Chiropractic Examiners (Chiropractic Board) has promulgated

---

[1] The Accreditation Commission for Acupuncture and Oriental Medicine, About Us, available at http://acaom.org/about/.

1

rules that significantly undermine historically accepted standards of acupuncture education and professional practice in Texas. As such, ACAOM respectfully asks that the Third Court of Appeals reverse the decision by the 201st District Court and render judgement in favor of the Texas Association of Acupuncture and Oriental Medicine.

The goal of accreditation is to ensure that education provided by institutions of higher education meets acceptable levels of quality. In the most practical terms, accreditation also serves to recognize that an institution maintains standards requisite for its graduates to achieve credentials for professional practice. [2] The rule to "certify" chiropractors to practice acupuncture designed by the Chiropractic Board appears to have significantly lower standards of education that are not subject to the oversight accreditation provides.[3]

---

[2] U.S. Dept. of Education, FAQs about Accreditation, available at http://ope.ed.gov/accreditation/FAQAccr.aspx

[3] Despite a requirement to take a certification examination, it is unclear by what authority, or indeed if, chiropractors are certified to practice acupuncture. *See* National Board of Chiropractic Examiners, Does the NBCE License Chiropractors?, available at http://mynbce.org/score/licensing-certification/ ("NBCE does not certify / license chiropractors" and "examinees who successfully complete NBCE Parts I, II, III and IV are awarded an NBCE Certificate of Attainment"). There is no mention of a "certificate of attainment" in acupuncture. *See also* CR 249, Admission No. 14 (stating that the Chiropractic Board does not certify chiropractors in acupuncture.)

It is our understanding that current Chiropractic Board rules provide two different pathways for chiropractors to practice acupuncture.[4] One option requires a chiropractor to pass the same national certification examination that acupuncturists must take as part of their requirements to become licensed in Texas, a test which *at a minimum* requires nearly 1,500 hours of ACAOM accredited curriculum[5]. Alternatively, the Chiropractic Board allows a far less rigorous second option, the certification examination administered by the National Board of Chiropractic Examiners (NBCE), which requires 100 hours of acupuncture education with no clinical training requirement.[6]

To help clarify, there are two distinct types of accreditation: "institutional" accreditation, which typically applies to an entire institution, indicating that each of its parts are contributing to the achievement of the institution's objectives; and "specialized" or "programmatic" accreditation, which applies to the evaluation of specific programs of study.[7] NBCE policy articulates certain accreditation

---

[4] 22 TEX. ADMIN. CODE §78.14.

[5] *See* National Certification Commission for Acupuncture and Oriental Medicine, NCCAOM Certification Handbook 2015, available at http://www.nccaom.org/wp-content/uploads/pdf/Certification%20Handbook.pdf. Licensed Acupuncturists in Texas must receive full certification in Oriental Medicine (page.22, Table 2: ACAOM Graduation Hour Requirements, Oriental Medicine Program, minimum of 2625 hours). The lowest possible number of hours allowed to sit for the NCCAOM Acupuncture with Point Location exam is 1490 hours (page 23, Table 3: Pre-graduation Hour Requirements for Taking Examinations).

[6] 22 Tex. Admin. Code § 78.14.

[7] *See* Note 2 *supra*.

requirements which must be met for a candidate to sit for the NBCE acupuncture exam,[8] but these requirements do not appear to be related or relevant to acupuncture education:

- The Council on Chiropractic Education (CCE) is the specialized chiropractic accrediting body, with purview over doctoral level chiropractic programs.[9] Acupuncture is not included as part of the programmatic curriculum nor is it listed as a competency for the doctoral programs at chiropractic schools in CCE accreditation standards. Some chiropractic institutions offer elective training of limited duration in acupuncture through non-credit bearing "post-graduate" continuing education programs. Continuing education programs are not normally reviewed by accrediting commissions as the education is non-credit bearing. In this instance CCE does not have specific standards for acupuncture and therefore the content of acupuncture training programs does not fall within their regulatory purview.

- Absent acupuncture-specific programmatic accreditation, the case has been made that oversight of acupuncture education at chiropractic colleges is

---

[8] *See* National Board of Chiropractic Examiners, Acupuncture Brochure (page 3, Applicant Eligibility), available at http://nbce.wpengine.com/wp-content/uploads/acu_brochure.pdf. *See also* NBCE Eligibility Policy, available at http://mynbce.org/apply/eligibility-requirements/eligibility-policy/.

[9] Council on Chiropractic Education website, available at http://www.cce-usa.org/.

provided via a school's *institutional* accreditor.[10] In Texas, that entity is the Southern Association of Colleges and Schools (SACS). However, as previously noted, the role of an institutional accrediting body is to assess the broader organizational effectiveness of an institution, not to establish or assess specialized curriculum. SACS thus offers no specific oversight of acupuncture education, whether taught at a chiropractic college or elsewhere.

- Other than the general requirement that a school's continuing education program overall must be in alignment with the stated mission of the institution, continuing education is generally outside the scope of the accreditation process.[11]

Thus, acupuncture education as taught by chiropractic colleges does not include the oversight of accreditation. Without accreditation in the area being tested, there is no assurance that verifiable standards of education and training have been

---

[10] Dr. Kenneth Thomas, V.P. of Academic Affairs at Parker University at a 2012 Chiropractic Board meeting stated, "I want to make that point very clear that those programs do have scrutiny over them outside the university via SACS." And, "They do accredit that…they look at faculty rosters, faculty credentials, student learning outcomes, our benchmarks…" Chiropractic Board July 11, 2012 ad hoc meeting, at 1:54:22 - 1:55:40, available at https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.

[11] See Southern Association of Colleges and Schools, Commission on Colleges 'The Principles of Accreditation: Foundations of Quality Enhancement' (Section 3.3.1.5, and 3.4.2, Continuing Education), available at http://www.sacscoc.org/pdf/2012PrinciplesOfAcreditation.pdf.

met. Consequently, an individual may graduate from a chiropractic college, become a licensed chiropractor, and practice acupuncture without any actual clinical training or demonstrated clinical competencies in acupuncture,[12] as would be required in an accredited acupuncture program. The Chiropractic Board claims to only approve acupuncture courses which include a clinical component, but it appears this may not be the case.[13]ACAOM considers clinical training in acupuncture to be fundamental and central to acupuncture education.[14]

The Chiropractic Board's area of expertise is chiropractic medicine not acupuncture. The Chiropractic Board's rule sidesteps the important role of accreditation in setting specific standards of quality for acupuncture programs that relate to safe and legal practice and we trust that the information provided in this amicus curiae letter will assist the Court in reversing the decision by the 201st District Court and rendering judgement in favor of the Texas Association of Acupuncture and Oriental Medicine.

Respectfully submitted,

---

[12] *Id.* at 2:04:49

[13] See Parker University Continuing Education, Texas State Board Approvals, available at http://ce.parker.edu/state-board-approvals/texas/. And, Dr. Kenneth Thomas, V.P. of Academic Affairs at Parker University at a 2012 Chiropractic Board meeting confirmed, "Yes, there's no clinical requirement [in acupuncture]…at our university" (discussed further below). Chiropractic Board July 11, 2012 ad hoc meeting, at 2:06:27 – 2:06:47, available at https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.

[14] ACAOM Accreditation Manual, Criterion 8.7 Clinical Training, available at http://acaom.org/documents/accreditation_manual_712.pdf.

*/s/ Mark S. McKenzie*

Mark S. McKenzie, PhD, MsOM, LAc
Executive Director
Accreditation Commission for Acupuncture and Oriental Medicine
8941 Aztec Drive
Eden Prairie, MN 55347
Phone: (952)212-2434
mark.mckenzie@acaom.org

## Certificate of Amicus

Pursuant to Rule 11 of the Texas Rules of Appellate Procedure, this will confirm that ACAOM has not incurred any legal fees related to the drafting of this letter. The undersigned is an employee and the Executive Director of ACAOM and neither ACAOM nor the undersigned have received or will receive any direct compensation for the drafting or submission of this amicus letter.

*/s/ Mark S. McKenzie*
Mark S. McKenzie

## Certificate of Compliance

I certify on behalf of *Amicus Curiae*, that this *Amicus* letter contains 1231 words in the text of the document and 397 words in the foot notes according to the word count feature of the software used to prepare this amicus letter.

*/s/ Mark S. McKenzie*
Mark S. McKenzie

Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing

*Amicus* letter has been served to all attorneys of record as listed below on November

23, 2015.

Joe H. Thrash
Assistant Attorney General
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Joe.Thrash@texasattorneygeneral.gov

Craig T. Enoch
Enoch Kever, PLLC.
600 Congress Avenue, Suite 2800
Austin, Texas 78701
cenoch@enochkever.com

*/s/ Mark S. McKenzie*
Mark S. McKenzie
